O
JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YASSINE AMALLAL,<br><br>  Plaintiff,<br>  v.<br><br>9223-4814 QUEBEC INC. d/b/a THE EARNEST SEWN COMPANY; BENOIT BRIERE; DOES 1–10, inclusive,<br><br>  Defendants. | Case No. 2:13-cv-08143-ODW(AJWx)<br><br>**ORDER REMANDING CASE** |

On November 4, 2013, Defendants 9223-4814 Quebec Inc. and Benoit Briere removed this case to this Court. (ECF No. 1.) They argue that this Court has diversity jurisdiction over the case under 28 U.S.C. § 1332. But after considering Defendants removal papers, the Court finds that it lacks subject-matter jurisdiction and consequently **REMANDS** this case to Los Angeles County Superior Court.

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove a suit to federal court only if the federal court would have had original jurisdiction over the case. 28 U.S.C. § 1441(a). But courts strictly construe the removal statute against removal jurisdiction, and federal "jurisdiction must be rejected if there is any doubt as to the right of removal in the

1 first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party
2 seeking removal bears the burden of establishing federal jurisdiction. *Durham v.*
3 *Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus*, 980 F.2d at
4 566).

5       Federal courts have original jurisdiction where an action presents a federal
6 question under 28 U.S.C. § 1331 or diversity of citizenship under 28 U.S.C. § 1332.
7 To exercise diversity jurisdiction, a federal court must find complete diversity of
8 citizenship among the adverse parties, and the amount in controversy must exceed
9 $75,000, usually exclusive of interest and costs. 28 U.S.C. § 1332(a). For the
10 purposes of complete diversity, a natural person's citizenship is "determined by her
11 state of domicile, not her state of residence." *Kantor v. Warner-Lambert Co.*, 265
12 F.3d 853, 857 (9th Cir. 2001); *see also Jeffcott v. Donovan*, 135 F.2d 213, 214 (9th
13 Cir. 1943) ("Diversity of citizenship as a basis for the jurisdiction of a cause in the
14 District Court of the United States is not dependent upon the residence of any of the
15 parties, but upon their citizenship.").

16       Defendants' Notice of Removal alleges that Plaintiff is a California citizen
17 based on Plaintiff's allegations in the Complaint. (Notice of Removal ¶ 4.) Plaintiff
18 Yassine Amallal alleges that Plaintiff "is an individual residing in the County of Los
19 Angeles, State of California." (Compl. ¶ 4.) But this allegation is insufficient to
20 establish Amallal's citizenship. While a party's residence may be prima facie
21 evidence of that party's domicile when an action is brought in federal court in the first
22 instance, *see State Farm Mut. Auto. Ins. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994),
23 mere residence allegations are insufficient to establish citizenship on removal in light
24 of the strong presumption against removal jurisdiction. *See Kanter*, 265 F.3d at 857;
25 *Gaus*, 980 F.2d at 567. Neither have Defendants alleged any other factors bearing on
26 citizenship, such as "voting registration and voting practices, location of personal and
27 real property, location of brokerage and bank accounts, location of spouse and family,
28 membership in unions and other organizations, place of employment or business,

driver's license and automobile registration, and payment of taxes." *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986).

The Court therefore finds that it lacks diversity jurisdiction and accordingly **REMANDS** this case to the Los Angeles County Superior Court, Case Number BC523354.  The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

November 12, 2013

_____
 **OTIS D. WRIGHT, II
 UNITED STATES DISTRICT JUDGE**

cc: order, docket, remand letter to
 Los Angeles Superior Court, No. BC 423354